STATE of Missouri, Respondent,

v.

Ronnie J. LIEBHART, Appellant.

No. WD 37433.

Missouri Court of Appeals,
Western District.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

James J. Wheeler, Keytesville, for appellant.

James N. Foley, Pros. Atty., Macon County, Macon, for respondent.

Before DIXON, P.J., and MANFORD, and NUGENT, JJ.

MANFORD, Judge.

This appeal is taken from a misdemeanor conviction of operating a motor vehicle while intoxicated, a violation of § 577.010, RSMo Supp.1984, and sentencing as a prior offender to one year in the county jail. By a sole point, appellant challenges the sufficiency of the evidence to support the conviction. Careful examination of the record shows that this contention has merit and the judgment must, therefore, be reversed.

In considering the sufficiency of the evidence, the reviewing court regards as true all evidence in the record which tends to support the conviction, together with all favorable inferences that can be reasonably drawn therefrom, and disregards all unfavorable evidence and inferences. *State v. Thomas*, 529 S.W.2d 379, 383 (Mo.1975); *State v. Thurber*, 625 S.W.2d 931, 933 (Mo. App.1981). So viewed, the evidence in the instant case is as follows.

Appellant was involved in a single-car accident which occurred when the vehicle he was operating left the highway, traveled down an embankment and through a fence, knocked down a mailbox, proceeded across a parking lot and finally came to rest against a light pole. In the course of the accident, appellant was injured and some of the windows were broken out of the vehicle.

The accident was reported to the Highway Patrol at 11:02 p.m. and a state trooper arrived at the scene at 11:15 p.m. Appellant was found sitting in the driver's seat with his hand on the ignition key, attempting to start the vehicle. He exhibited signs of intoxication and he was arrested for driving while intoxicated and advised of his rights. Appellant admitted that he had had 15 beers but he did not say when he had drunk them. He was taken by ambulance to a hospital for treatment of his injuries and while there a blood sample was obtained. Subsequent analysis indicated that his blood alcohol content was .25 of one percent.

The evidence further showed that, at the time of the accident, the ground was snow-covered and there were tracks leading directly from the highway to the stopped vehicle. When the trooper arrived, there were no intervening tracks, no other vehicles present and no persons outside of the vehicle.

█ In order to establish a violation of § 577.010 (formerly § 464.440), the state must prove beyond a reasonable doubt that the defendant operated a motor vehicle while he was intoxicated. *State v. Kennedy*, 530 S.W.2d 479, 481 (Mo.App.1975). Appellant contends that the state failed to adequately show either element. The evidence was sufficient to establish that appellant was the operator of the vehicle.

■ It is true that appellant's operation of the vehicle was neither observed nor admitted. There was, however, sufficient circumstantial evidence to establish this element of the offense. There was a single set of tire tracks leading from the highway to the accident vehicle and appellant was sitting in the driver's seat with the keys attempting to start the vehicle. There was damage to a fence and a mailbox along the accident route, as well as to the vehicle itself and appellant had sustained injuries. When the trooper arrived, there were no other vehicles or persons present nor was there any evidence that such others had been present on the scene prior to his arrival. *State v. Johnston,* 670 S.W.2d 552, 555 (Mo.App.1984), presented a similar factual situation. There, a car left the road, damaged a fence and became stuck in a ditch. Skid marks on the road led directly to the car, and the car itself had sustained damage. When the officer reached the scene, Johnston, seated behind the steering wheel, was the car's sole occupant. He was attempting, with the aid of another driver, to extricate the car from the ditch. The court found that the facts established Johnston as the car's driver when the accident occurred. Likewise, the circumstances of this incident are sufficient to establish that appellant was operating the vehicle at the time of the accident.

■ There was uncontroverted evidence that appellant was intoxicated when the officer arrived, and that he had no access to intoxicants after that time, however, the state has failed to prove, as it must in order to sustain the conviction, that appellant was intoxicated at the time he was operating the vehicle. Although cases such as *Johnston, supra; State v. Bruns,* 522 S.W.2d 54 (Mo.App.1975); *State v. Milligan,* 516 S.W.2d 795 (Mo.App.1974); and *State v. Chester,* 445 S.W.2d 393 (Mo.App. 1969), have found evidence of a defendant's intoxication as long as 28 minutes after his operation of a motor vehicle to be sufficient to support a conviction where there was no credible evidence regarding the availability of intoxicants during that interim period, such evidence is missing in this case.

There is no evidence whatsoever as to the time of the accident or the interval between its occurrence and the officer's arrival on the scene. Moreover, the evidence fails to indicate whether appellant had access to intoxicating beverages at the accident site prior to the officer's arrival. The record shows only appellant's admission that he had drunk 15 beers. The record lacks facts establishing the time or place of consumption. The state seeks to uphold the conviction on the basis of *State v. Davison,* 668 S.W.2d 252 (Mo.App.1984). In *Davison,* the conviction was affirmed despite an indefinite time interval between the accident and the officer's arrival where there was affirmative evidence as to the absence of intoxicating beverages at the scene and where the circumstances made it highly improbable that the defendant had left the accident scene, became intoxicated, and then returned. In the case at bar, it is equally improbable that appellant became intoxicated after the accident at any location other than the accident site. However, inasmuch as the evidence does not indicate the absence of intoxicants at the scene, the state's proof fails to refute the possibility that appellant became intoxicated during the period between the accident and the officer's arrival. Therefore, the conviction cannot be based on operation of the vehicle in a state of intoxication at the time of the accident. *Kennedy, supra; State v. Dodson,* 496 S.W.2d 272 (Mo.App.1973).

■ Nor may the conviction rest upon the officer's observation of appellant's attempt to start the car because although the evidence establishes his intoxication at that point, it must be concluded that such act did not constitute operation of the vehicle. Operation of a motor vehicle is defined by § 577.001, RSMo Supp.1984, as physically driving or being in actual physical control of the vehicle. The term actual physical control was construed by this court in *City of Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo.App.1976), as existing or present bodily restraint directing influence, domination or regulation of the automobile.

Thus, the court concluded that such control existed even where the vehicle was motionless as long as the person kept the vehicle in restraint or was in a position to regulate its movements. *See also State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984). Appellant argues that a car which is not running cannot be restrained nor have its movements regulated and that therefore, he was not operating it when the officer arrived. This court agrees.

The evidence failed to show that appellant operated the vehicle *while* he was intoxicated. The judgment is hereby reversed, the sentence imposed is set aside, and appellant is ordered discharged.

All concur.