STATE of Missouri, Respondent,

v.

Daniel P. HOEBER, Appellant.

No. 52398.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1987.

have pursued.

---

1. We are aware but do not address or suggest other methods which appellants may or could

Defendant also argues that the trial judge should have disqualified himself. Finding defendant's contentions to be without merit, we affirm.

Officers Ryan and Bernard found defendant at 4:10 a.m. behind the steering wheel of his vehicle on the parking lot of a grocery store. The keys to the vehicle were in the ignition and the brake lights were on. In addition, Officer Ryan noticed that the engine compartment was warm, which he verified by touching the vehicle. Defendant was placed under arrest for suspicion of operating a vehicle in an intoxicated condition. A search of the vehicle revealed four twelve packs of beer. No field sobriety test was conducted as defendant was uncooperative; however, Officer Bernard noted that defendant's face was flushed, his eyes were bloodshot, and there was a strong odor of alcohol about defendant's person.

At the police station, at approximately 4:30 a.m., defendant was given a breathalyzer test which showed that his blood alcohol content was .13 percent. Also, defendant admitted to Officer Bernard that he had been driving the vehicle. As to when defendant had been driving, Officer Bernard testified that he had not noticed the vehicle on the parking lot from 12:00 midnight to 4:10 a.m. And, the Officer stated that he had not seen the vehicle at 3:30 a.m., that being the last time prior to 4:10 a.m. that his patrol had taken him in the vicinity of the lot.

Charles F. James, Wentzville, for appellant.

Timothy Michael Joyce, Pros. Atty., Warrenton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Daniel P. Hoeber appeals from his conviction for driving while intoxicated, a violation of RSMo § 577.010 (1986). He was sentenced to 90 days imprisonment. Defendant raises two points on appeal. He alleges that there was insufficient evidence to prove that he was operating a motor vehicle while in an intoxicated condition.

In his first point, defendant asserts that there was insufficient evidence to prove that he was operating a motor vehicle while in an intoxicated condition. On appeal, in determining the sufficiency of the evidence to support the trial court's finding of guilt, this court must accept as true all evidence in the record tending to prove the defendant's guilt together with inferences favorable to the state that can reasonably be drawn therefrom, and must disregard all contrary evidence and inferences. *State v. Giffin*, 640 S.W.2d 128, 130 (Mo.1982). We will sustain the conviction

if there is substantial evidence to support the trial court's finding. *Id.*

The term "driving," as it is used in RSMo § 577.010 (1986), is defined as "physically driving or operating or being in actual physical control of a motor vehicle." RSMo § 577.001.1 (1986). Actual physical control occurs when, " 'even though the machine merely stands motionless, ... a person keeps the vehicle in restraint or in a position to regulate its movements.' " *State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984) (quoting *City of Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo.App., W.D.1976)). Convictions for driving while intoxicated have often been affirmed when the facts showed the vehicle to be motionless. For example, in *O'Toole,* 673 S.W.2d at 26, the defendant was found asleep behind the wheel of his vehicle, which vehicle was engaged in "park" gear with the engine running and the lights burning. The court determined that the defendant was in a position to regulate the vehicle's movements, and was therefore "operating" the vehicle within the meaning of RSMo § 577.010 (1986). Similarly, *Troutner,* 544 S.W.2d at 295, affirmed defendant's conviction where he was found asleep behind the wheel of his vehicle on a private parking lot with the engine running and the gearshift in "park". Further, the evidence showed that he had been parked there for *one* hour. *Id.* at 296. As well, neither the fact that a driver was passed out when discovered, *Dalton v. McNeil,* 713 S.W.2d 26, 27 (Mo.App., W.D.1986) nor the fact that a driver was found asleep on the passenger side of the vehicle, *Taylor v. McNeil,* 714 S.W.2d 947 (Mo.App., W.D.1986) negate actual physical control.

Defendant's reliance on *State v. Liebhart,* 707 S.W.2d 427 (Mo.App., W.D.1986) is misplaced. For, *Liebhart* overturned defendant's conviction for driving while intoxicated in relevant part because there was "no evidence whatsoever" as to either when defendant had been driving or the interval between when defendant drove and the police found him in his motionless vehicle. *State v. Liebhart,* 707 S.W.2d at 429. In contrast, Officer Bernard testified that defendant's vehicle was on the parking lot for no more than forty minutes before defendant was found.

Thus, the present case contains the same basic factual situation as does the case law on point, except for the fact that, here, the vehicle's engine was not running. However, the case at bar contains the additional evidence that defendant admitted that he had been driving the vehicle. This point is denied.

Defendant also contends it was plain error for the trial judge not to have disqualified himself. He argues that the trial judge's impartiality might reasonably be questioned because the judge both knew of defendant's prior plea of guilty to an offense of driving while intoxicated and was scheduled to hear the revocation of probation proceeding in that cause immediately following the trial of the case at bar. Rule 2, Canon 3 C(1) requires a judge to disqualify himself "in a proceeding in which his impartiality might reasonably be questioned...." However, a judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial. *State v. Presley,* 694 S.W.2d 867, 869 (Mo.App., S.D.1985). *State v. Faber,* 499 S.W.2d 790, 793 (Mo. 1973) held that a defendant who did not seek to disqualify the trial judge pursuant to Rule 32.07 (formerly 30.12) was not entitled to contend that the trial judge should have disqualified himself based on the fact that the judge had heard defendant's attempt to plead guilty. We note that defendant in the present case did not utilize Rule 32.07. This point is denied.

The judgment of the trial court is affirmed.

SIMON and STEPHAN, JJ., concur.