**STATE of Missouri, Respondent,**

v.

**Grant WILLIAMS, Appellant.**

**No. WD 39994.**

Missouri Court of Appeals,
Western District.

June 7, 1988.

Daniel J. Dodson, Jefferson City, for appellant.

Richard G. Callahan, Pros. Atty., Mark A. Richardson, Asst. Pros. Atty., Cole County Pros. Atty.'s Office, Jefferson City, for respondent.

Before SHANGLER, P.J., and
LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

Grant Williams appeals his conviction in a court-tried case of driving while intoxicated. Section 577.010, RSMo 1986. He was fined $250. On appeal Williams challenges the sufficiency of the evidence so this court must accept all the evidence and reasonable inferences from the evidence tending to prove guilt. *State v. Giffin*, 640 S.W.2d 128, 130 (Mo.1982).

In the 1400 block of Missouri Boulevard, a four lane street in Jefferson City, two police officers observed a pickup truck parked on the wrong side of the road with lights on. Two wheels of the truck were up on the curb and two in a traffic lane. Williams, the sole occupant of the truck, was lying across the front seat, asleep. His head was resting on the passenger's side while his feet and legs hanging under the steering wheel. In his lap was a Hardee's hamburger; french fries were scattered around; on the front floorboard was a partially filled container of beer. The keys to the truck were in the ignition. The ignition was in the "on" position and red dashboard lights were on; however, the engine was not running. The location of Williams' truck was very close to a Hardee's fast food restaurant. The first officer on the scene was informed the Hardee's people were in the process of calling police to report damage to their drive-through equipment. The police investigated and found "... damage to the building and there was damage that was comparable to the same side of the building and the same side of the truck ..."

The police officers had difficulty awakening Williams. When awake, Williams mumbled when he tried to speak and fumbled when he tried to produce his driver's license. Williams smelled of alcoholic beverages and could not walk unassisted. After his arrest, Williams refused to take a breathalyzer test, became unruly and said he would take his head and beat the machine to pieces.

The first element, as to whether Williams was driving or operating the vehicle, is decided adversely to him. The truck was partially in a travelled portion of a four lane street, headed the wrong way with the lights on, and the ignition in the "on" position. The fact Williams was passed out with his head on the passenger side does not negate actual physical control. *State v. Hoeber*, 737 S.W.2d 484, 486 (Mo.App. 1987).

Williams relies on this court's opinion in *State v. Liebhart*, 707 S.W.2d 427 (Mo.App. 1986), for a reversal on the basis of there being no evidence as to *when* he had been driving, and if so whether he had been intoxicated. In essence he argues the inference is available, in the form of a partially filled beer can in the truck of his becoming intoxicated "after the vehicle came to rest," and before the police arrived.

Disposition of this contention is made somewhat difficult since the prosecutor put nothing about the time of any of the events in the record. It is not known what time the police first arrived, or when the truck came to rest. To a certain extent this was the situation in *Liebhart*, for no one observed when the car left the roadway and ended up in a parking lot. As such, the opinion found the state failed to prove the appellant was intoxicated at the time he was operating the vehicle. *Id.* at 429. In ruling for the driver this court said there was no evidence as to the time of the accident and the interval until the officers arrived and noted the possibility the driver, "became intoxicated during the period between the accident and the officer's arrival." *Id.*

Although it is not known from the record how long Williams had been stationary on Missouri Boulevard, the reasonable inference is he could not have been there a sufficient amount of time to become intoxicated. It could not be inferred he became intoxicated from the contents of the one partially filled beer can in the truck. Further, the evidence Hardee's was about to call the police about the damage to the building, the officer's seeing the actual

damage to Hardee's and Williams' truck coupled with the food and Hardee's wrappers strewn over the front seat and floor of the vehicle infer a short span of time between leaving Hardee's and Williams passing out on the street. The fact the vehicle was partially on the roadway going the wrong way does not give rise to a reasonable inference of Williams becoming intoxicated during the time between the stop and the officer's arrival. Finally, with the lights on and the ignition turned to on with the vehicle *partially in the road* when spotted gives rise to the conclusion Williams was in actual physical control of the vehicle at the time of the arrest. *City of Kansas City v. Troutner,* 544 S.W.2d 295, 299–300 (Mo.App.1976). "Operating" a vehicle was found where the vehicle was seated behind the wheel, the car was in park, the lights burning but the driver was in position to operate the vehicle while it was partially blocking a highway. *State v. O'Toole,* 673 S.W.2d 25, 26–27 (Mo. Banc 1984).

The judgment of conviction is affirmed.