**STATE of Missouri, Respondent,**

v.

**Randy KELLER, Appellant.**

**No. 56293.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 1, 1990.

Larry G. Mittendorf, Union, for appellant.

Gordon R. Upchurch, Pros. Atty., Union, for respondent.

DOWD, Judge.

The appellant, Randy Keller, was found guilty of driving while intoxicated in a court-tried case. § 577.010 RSMo 1986. The appellant alleges that the evidence was insufficient to support the verdict. In his brief, appellant contends that the state has the burden of ruling out that he became intoxicated after he had ceased driving and before his arrest. We affirm.

In considering sufficiency of the evidence, the reviewing court regards as true all evidence in the record which tends to support the conviction, together with all favorable inferences that can be reasonably drawn therefrom, and disregards all unfavorable evidence and inferences. *State v. Liebhart,* 707 S.W.2d 427, 428 (Mo.App. 1986).

Complying with this standard, the facts are as follows. On July 19, 1987 at approximately 9:00 p.m., James Wheeler pulled his vehicle onto the shoulder of northbound Highway 185. He pulled over onto the shoulder of the road to retrieve an item which had fallen from his vehicle. When he exited his vehicle, he left the engine running and turned on his flashers. As he was proceeding back to his car after retrieving the item, a car driven by Randy Keller came down the highway and rammed into the rear of Wheeler's vehicle which was on the shoulder of the road. Keller proceeded to get out of his car and berate Wheeler. After the accident, Wheeler noticed beer cans in the appellant's vehicle.

Ted Holland, an off-duty policeman who lives near the scene of the accident, heard the crash and came out of his house to investigate. When he arrived the appellant was still in his vehicle sitting in the driver's seat. He noticed that the passenger in the appellant's vehicle seemed to be injured. At the scene, Holland conversed with the appellant. At this time, he smelled alcohol on the appellant's breath and noticed that his eyes were bloodshot and watery. Holland testified that from these observations he believed that the appellant was intoxicated.

Sam Steward, a corporal in the Missouri Highway Patrol, testified that he arrived at the scene of the accident at approximately 9:30 p.m. Steward said that the appellant smelled of alcohol and seemed "unsteady of foot." Due to the belief that the appellant might be intoxicated, Steward asked him to perform a variety of field sobriety tests. After the appellant failed four field sobriety tests, Steward placed him under arrest for driving while intoxicated. Officer Steward asked the appellant to take a blood alcohol test, but the appellant refused. After Officer Steward conducted an investigation at the scene, he transported the appellant to a scale house and then to the hospital.

In order to establish a violation of Section 577.010, the state must prove beyond a reasonable doubt: 1) that the defendant operated a motor vehicle; and 2) that he operated the motor vehicle while intoxicated. *Id. State v. Kennedy,* 530 S.W.2d 479, 481 (Mo.App.1975). The absence of proof that the appellant did not consume

intoxicants between the time he ceased driving his vehicle and the time the police arrived does not necessarily preclude this court from upholding his driving while intoxicated conviction. *State v. Johnston,* 670 S.W.2d 552, 557 (Mo.App.1984).

Appellant principally relies on *Liebhart, supra,* in which it was held that the state failed to prove that the appellant was intoxicated while he was operating the vehicle. In *Liebhart,* there was no evidence as to the time of the accident or the interval between its occurrence and the officer's arrival at the scene. Moreover, the evidence failed to indicate whether appellant had access to intoxicating beverages during the interval after the accident but before the police arrived. *Liebhart,* 707 S.W.2d at 429.

In the case at bar, there was sufficient evidence to establish that the appellant was intoxicated while he was operating a motor vehicle. Appellant admits that he drank 3 or 4 beers earlier in the day. There is eyewitness testimony from Wheeler, who viewed the accident, and Holland, who arrived at the accident scene while the appellant was still sitting in the driver's seat of his vehicle, that at the time the appellant was driving that he was intoxicated. Also, there is no evidence from the record including from the appellant's own testimony that the appellant had the opportunity to consume any intoxicants after the accident and before the police arrived. Although the police may not have arrived for approximately 30 minutes after the accident, the appellant was observed by Holland, the off-duty policeman, and Wheeler immediately after the accident. At this time, they both opined that he was intoxicated. They observed him until the police arrived which at most was 30 minutes after the accident, negating any possibility that the appellant consumed intoxicants after the accident and before the police arrived. Unlike *Liebhart,* here there is sufficient evidence to establish the amount of time between the accident and the officer's arrival, and the appellant's lack of access to alcohol. Thus, there was sufficient evidence to refute the possibility that appellant became intoxicated during the period between the accident and the time the police arrived.