STATE of Missouri, Respondent,

v.

Russell P. BLOCK, Appellant.

No. WD 42791.

Missouri Court of Appeals,
Western District.

Oct. 30, 1990.

John E. Redmond, Kansas City, for appellant.

Donald Eugene Reynolds, Rock Port, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Russell P. Block appeals from his convictions of two separate counts of driving while intoxicated in violation of § 577.010, RSMo 1986.

Block was charged by misdemeanor information of Count I—driving while intoxicated on April 28, 1989; Count II—careless and imprudent driving on April 28, 1989; Count III—driving while intoxicated on May 13, 1989; and Count IV—operating a motor vehicle with expired vehicle license on May 13, 1989. Thus, the information charges offenses occurring on two separate dates.

The evidence adduced at trial will be discussed separately in connection with the dates of the charged offenses and the points to which they apply. As for the events leading up to charges alleged on April 28, 1989, Carol Meinders testified that she lived in a house on the south side of Route A and Route BB in Watson, Missouri. Mrs. Meinders' daughter informed her that a van had driven through their yard. Mrs. Meinders went outside and found the van at the south end of the lot. The van had come into contact with the front fender of Meinders' pickup. Upon looking inside the van, Mrs. Meinders observed Block sitting in the driver's seat, holding his stomach. The engine of the van was still running. Mrs. Meinders asked Block if he was alright and he responded that he was alright. She testified that she noticed a strong odor of alcohol.

Block gave Meinders his name and told her he would have his insurance people contact her. A friend of Block's drove Block to his apartment. Meinders stated that this incident occurred a few minutes after twelve and that she called the police at about a quarter past twelve, after Block had left with his friend.

Trooper Chris Wilson, a highway patrolman, was dispatched to the accident scene at about 1:00 p.m., and arrived at the Meinders' residence approximately a half hour later. Upon arrival Wilson did not observe an accident and went to the Meinders' house. He spoke with Mrs. Meinders who informed him as to the incident involving

the van. She also gave Wilson a description and license number of the van and informed him that the driver was Russell Block.

Trooper Wilson then proceeded to the Miller Apartments, where he found the van Mrs. Meinders had described to him. He located Block's apartment and knocked on the door, but received no response. Trooper Wilson went back to the Meinders' home to use the phone in an attempt to obtain a warrant for leaving the scene of an accident. He then went back to the Miller Apartments to wait for the warrant and was joined by Trooper Tovar.

After obtaining the warrant, Troopers Wilson and Tovar proceeded to Block's apartment and announced that they had a warrant for his arrest. Block came to the door in his underwear, looking as if he had been lying down or was very groggy and had a strong odor of alcohol about his person. Trooper Wilson believed Block to be intoxicated at this time. Block was placed under arrest at approximately 2:30 p.m., for leaving the scene of an accident and transported to the Sheriff's office. Block was not given a field sobriety test prior to or after being transported nor was he given a breathalyzer test.

Block was subsequently charged by information with operating a motor vehicle while in an intoxicated or drugged condition at or near Route A and Route BB in Watson, Missouri, on April 28, 1989.

Block's points one and two relate to the conviction arising out of the incident on April 28, 1989. In both points, Block claims the evidence was insufficient to support his conviction of driving while intoxicated on April 28, 1989. This court agrees.

■ The elements of the offense charged herein are: (1) that [Block] operated a motor vehicle; and (2) that he was intoxicated while doing so. § 577.010.1, RSMo 1986. Proof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself to prove intoxication at the time the person was driving. *State v. Dodson*, 496 S.W.2d 272 (Mo.App.1973), see also, *Domsch v. Director of Revenue*, 767 S.W.2d 121, 123–124 (Mo.App.1989).

■ The evidence produced by the state showed that Mr. Block was involved in an accident at approximately 12:10 p.m., on April 28, 1989. The only evidence as to Block's intoxication at this time came from Mrs. Meinders who stated that when she arrived at the van she noticed a strong odor of alcohol. Her testimony did not specify whether the odor came from Block's person. Mrs. Meinders was not asked to render an opinion as to whether or not Block was intoxicated at the time of the accident.

The only other evidence of Block's intoxication on April 28, 1989, was from the testimony of Troopers Wilson and Tovar to the effect that when they received a warrant for leaving the scene of an accident and effected the arrest of Block at 2:30 p.m., some two hours and twenty minutes after the incident, Block was intoxicated. They were not asked to express an opinion as to Block's intoxication at the time of the accident, nor would they have been qualified to express such opinion under the facts herein.

Simply put, there is no evidence to support a finding that Block was intoxicated at the time of the accident on April 28, 1989, and for that reason, his conviction of driving while intoxicated on that date is hereby reversed.

Turning now to Block's conviction of driving while intoxicated on May 13, 1989, the following evidence was adduced at trial. On May 13, 1989, Mrs. Carol Meinders saw a vehicle on the side of the road west of her house. It was a little yellow car, but she did not know who owned or drove the car. Her husband called the Sheriff's Office or Highway Patrol, but Mrs. Meinders did not know what time it was. An officer did respond to the call, but Mrs. Meinders did not speak to the officer.

Trooper James Elder with the Missouri Highway Patrol responded to the call. He had received a radio report of a car partially in the ditch in Watson, Missouri. When Trooper Elder arrived at the scene in Watson, it was about 2:00 p.m., twenty minutes

after being notified. He found a small gray car completely off the roadway partially in a ditch. Block was sitting asleep behind the wheel of the car. Trooper Elder observed that the keys were in the console of the car, the vehicle was motionless and the engine was not running. When Trooper Elder opened the car door he could smell intoxicants in the car. Block's face was somewhat flushed, his clothes were mussed and he was somewhat lethargic, his speech was slurred, his response to questions was slow and he seemed not to comprehend what Trooper Elder asked of him. Trooper Elder administered a field sobriety test which Block failed. After forming the opinion that block was intoxicated, Trooper Elder placed him under arrest and transported him to the Sheriff's office where he was requested to submit to a breathalyzer test. Although Block consented to the breathalyzer test, he failed to blow an adequate air sample into the machine after being instructed to do so.

■ In points three and four, Block takes issue with this conviction alleging there was not substantial evidence to support said conviction because there was no evidence the automobile was running; there was no evidence of extra-judicial admissions by himself that he had been drinking or driving the automobile; and there was no evidence as to what time the claimed violation occurred. This court, once again, must agree.

The applicable statutory provision § 577.001, RSMo 1986, which provides, in pertinent part, as follows:

1. As used in this chapter, the term "drive", "driving", "operates" or "operating" means physically driving or operating or being in *actual physical control* of a motor vehicle. (Emphasis added).

What constitutes "actual physical control" has been, many times, the subject of interpretation by the courts of this state. Actual physical control was construed in *Taylor v. McNeill*, 714 S.W.2d 947, 948 (Mo.App.1986), as follows:

"existing or present bodily restraint, directing influence, domination or regulation of a vehicle and it exists even where the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements and the automobile is running. Furthermore, a finding of actual physical control is not defeated by the fact the driver is asleep." (Citation omitted).

A major factor is missing from the present situation. Here there exists no proof that the car had been running. Although the courts of this state have been called upon to determine what constitute actual physical control under similar factual scenarios as that presented herein, i.e., where the car is motionless, none have done away with the requirement that the car be running. Independent research reveals only one Missouri case which affirmed a conviction for driving while intoxicated where a defendant was found asleep inside his car which was motionless and not running. *State v. Hoeber*, 737 S.W.2d 484 (Mo.App.1987). However, in *Hoeber*, there was significant additional evidence to support the conviction, namely that the engine compartment was warm as verified by the arresting officer, the keys to the vehicle were in the ignition, and the brake lights were on. *Id.* at 485. Additionally, in *Hoeber*, there was evidence that the defendant's vehicle was on the parking lot of a grocery store for no more than forty minutes and the defendant admitted he had been driving. *Id.* at 486.

In the present situation, there is no indication how long Block's car had been off the roadway, the engine was not running, the keys were not in the ignition and Block did not testify he had been driving. The evidence simply failed to prove up the State's case and for that reason Block's conviction for driving while intoxicated on May 13, 1989, must be reversed.

Based on the foregoing, Block's judgments of conviction are hereby reversed.

LOWENSTEIN, P.J., dissents in separate opinion.

ULRICH, J., concurs.

217

LOWENSTEIN, Presiding Judge, dissenting.

I respectfully dissent on the disposition of Count I.

The evidence and inferences are viewed in a light most favorable to the state. *State v. Spain*, 759 S.W.2d 871, 875 (Mo. App.1988). The state may rely on sufficient circumstantial evidence to establish an element of an offense. *State v. Helm*, 755 S.W.2d 256, 259 (Mo.App.1988).

That Meinders noticed a strong odor of alcohol on Block as he sat in his vehicle just after his arrival in her back yard creates a reasonable inference, coupled with his later state of intoxication, to submit his intoxication at the time of the accident to the fact finder. That Ms. Meinders did not give an incourt opinion of intoxication is not a fatal flaw—there was ample circumstantial evidence and inferences therefrom to support a conviction. *State v. Spain*, *supra*, at 875. *See also State v. Williams*, 752 S.W.2d 454 (Mo.App.1988).

This case differs from *State v. Liebhart*, 707 S.W.2d 427, 429 (Mo.App.1986), for in *Liebhart*, there was no evidence as to the time of the accident. *Domsch v. Director of Revenue*, 767 S.W.2d 121 (Mo.App.1989), does not control since the issue there was probable cause: whether the accident witness had imparted information as to the defendant's intoxication to the investigating officer who subsequently arrested the defendant for an alcohol offense.

The defendant should not benefit from his leaving the scene, failure to answer his door and the trooper's taking time to obtain a warrant.

I would affirm the conviction as to Count I and concur with Judge FENNER as to Count II.