**STATE of Missouri, Respondent,**

v.

**Ronald L. MIDDAUGH, Appellant.**

**No. WD 43117.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1991.

James R. Derting, Kansas City, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and BERREY and GAITAN, JJ.

BERREY, Judge.

Ronald L. Middaugh appeals from convictions for involuntary manslaughter, § 565.024, RSMo 1986, for which he was sentenced to five years and one year, respectively. Appellant was also assessed a five thousand dollar fine. Appellant contends that: (1) the trial court erred in failing to grant appellant's motion for acquittal because the state did not prove that he did not have access to alcohol after the collision and before the arrival of the police; (2) the trial court erred in permitting testimony by a pharmacist as to the metabolism of alcohol; and (3) the trial court erred in allowing a statement he made to medical personnel into evidence as this was privileged. Affirmed.

On February 11, 1989, at approximately 8:10 p.m. an accident occurred at the corner of 90th and Blue Ridge. This accident was observed by three eyewitnesses, Pamela Powers, Jennifer Roach and Angela Elkins. All three witnesses observed a pickup truck approaching them, traveling northbound on Blue Ridge. The pickup was weaving in and out of lanes, "out of control." It was estimated that the truck was going sixty miles per hour.

The pickup jumped the curb and ran along side the roadway in the grass. Re-entering the street, the pickup crossed three lanes of traffic and struck a southbound Cadillac. Both vehicles burst into flames. The driver of the Cadillac was killed in the collision.

Witnesses observed the driver of the pickup extricate himself from the wreckage and run from the scene. None of the witnesses could identify the driver. Appellant ran to his home which was approximately two and one-half blocks from the scene. He told his father, Robert Middaugh, about the accident and his father left the house to go to the scene. Robert Middaugh told Officer Tommy Williams, who had been dispatched to the scene, that Ronald was the driver of the pickup. Police officers went to appellant's residence where appellant was eventually arrested for vehicular homicide. Officer Williams observed appellant prior to the arrest and smelled alcohol. He formed the opinion that appellant was intoxicated.

Because appellant was injured, an ambulance was summoned and he was transported to Truman Medical Center. A blood sample was taken from appellant which was later analyzed and found to contain .12 alcohol. Police Officer Allen Beach was present when appellant arrived at Truman Medical Center. He observed that appellant was excited, his speech confused and his eyes bloodshot. Officer Beach overheard appellant tell medical personnel that "he had a couple of beers." Appellant did not sign any Miranda waivers nor did he understand his rights when Officer Beach explained them.

■ Appellant first complains that the trial court erred in denying his motion for acquittal at the end of the state's evidence because the state failed to prove that appellant did not have access to intoxicants between the time of the collision and the

arrest. Appellant relies upon *State v. Liebhart*, 707 S.W.2d 427 (Mo.App.1986).

We first note that it is not only appellant's evidence that is to be reviewed, although appellant couches this point in terms suggesting a review of the denial of the motion for acquittal at the end of the state's evidence. What appellant is really asking us to review is the sufficiency of the evidence. When the trial court denied the motion for acquittal and Middaugh chose to introduce evidence upon his own behalf, the issue of submissability became one to be reviewed on the basis of all the evidence presented. *State v. Scott*, 769 S.W.2d 149 (Mo.App.1989). Review is done in the light most favorable to the state, giving the state the benefit of all reasonable inferences and disregarding all contrary evidence and unfavorable inferences. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

In the instant case, the appellant was convicted of involuntary manslaughter, § 565.024, RSMo 1986. This statute provides, in pertinent part:

> —1. A person commits the crime of involuntary manslaughter if he:
> (2) While in an intoxicated condition operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause the death of any person.

Thus, the state had the burden of proving beyond a reasonable doubt that Middaugh was (1) an intoxicated driver who (2) operated a motor vehicle with criminal negligence (3) causing the death of another. *State v. Lewis*, 735 S.W.2d 183, 185 (Mo. App.1987).

Appellant contests the sufficiency of the evidence in regard to the element of intoxication. Appellant points to the approximately thirty minute lapse between the collision and his arrest and likens his situation to that of the driver in *State v. Liebhart*, 707 S.W.2d 427 (Mo.App.1986). In *Liebhart* the operation of defendant's vehicle was not observed. *Id.* at 429. The evidence presented at trial did not refute the possibility that the appellant became intoxicated between the interval of the accident and the arrival of a police offer to the location of appellant, sitting in his stopped car. *Id.* The facts in *Liebhart* are easily distinguishable from those in the instant case.

The time period between the accident and that of appellant's arrest was of short duration. In *Liebhart* there was no evidence whatsoever as to how much time had elapsed. Furthermore, three eyewitnesses observed the erratic, high-speed manner in which appellant was driving.

Forensic evidence was available as well to aid a finding that appellant was intoxicated at the time of the accident. The result of a blood test taken ninety minutes after the accident revealed a .12% blood-alcohol level. Expert testimony indicated that at the time of the accident appellant's blood-alcohol level would have been between .128% and .165%. Appellant's testimony that he drank one beer between the time of his arrival home and the arrival of the police officer, even if considered credible, would make no difference as to being intoxicated at the time of the accident and not being intoxicated.

In short, the weight of the evidence was overwhelming as to the intoxication of appellant at the time of the accident. Appellant's Point I is denied.

In Point II, the appellant claims that the trial court abused its discretion by permitting a pharmacist to testify as to the specific metabolism of alcohol (ethanol) for appellant and whether appellant was intoxicated at the time of the accident. Appellant's Point II is in violation of Rule 30.06(d) which requires that the points relied on state "wherein and why" the rulings they challenge are erroneous. Although appellant alleges error, his failure to state why this was error violates the rules. "This court is not obligated to seek through the argument portion of defendant's brief or the transcript on appeal to come by an understanding of points relied on penned in a conclusory and abstract fashion." *State v. Gamble*, 649 S.W.2d

573, 576 (Mo.App.1983). We will, nevertheless, review appellant's point *ex gratia.*

■ Appellant apparently believes that the court abused its discretion in allowing a pharmacist to testify when only a medical doctor should have presented the evidence.

■ The qualification of an expert is a matter that lies within the discretion of a trial court. *State v. Mallett, supra,* 732 S.W.2d at 537. "[A] witness qualifies as an expert if, by reason of education or special experience, he possesses superior knowledge respecting a subject about which persons who have no particular training are incapable of forming an accurate opinion or drawing correct conclusions." *State v. Jordan,* 751 S.W.2d 68, 77–78 (Mo.App. 1988). In the instant case the witness in question, Dr. William A. Watson, was eminently qualified.

Dr. Watson is a clinical associate professor in the school of medicine at the University of Missouri at Kansas City and Truman Medical Center. He holds a Doctor of Pharmacy degree, a degree similar in nature that of a Doctor of Medicine in that they are primarily clinical degrees. He is licensed in three states and teaches under the Practice Act in the State of Missouri. He has been licensed to run a clinical toxicology lab in the state of New York. He is associated with the Southwestern Association of Toxicology, the American Academy of Clinical Toxicology, the Fellowship for the Center of Toxicology and has trained with the Intermountain Regional Poison Control Center. Dr. Watson has authored a number of publications relating with drug overdoses including alcohol. He has a published abstract entitled "The Intoxicated Motorcycle Driver: A Comparison of Motorcycle and Car/Truck DWI's."

In short, Dr. Watson knows what he is talking about—the metabolism of alcohol in ·human beings, a subject not normally within the bounds of a juror's knowledge. There was no abuse of discretion in allowing Dr. Watson to testify and appellant's Point II is denied.

■ In appellant's final point he complains that a statement made by him, over-heard by a police officer, "that he had a couple of beers" was privileged communication between physician and patient. Appellant cannot assert the privilege in respect to this statement overheard by Officer Beach during appellant's treatment in the emergency room. The facts of the instant case are similar to those in *State v. Lewis, supra.* In *Lewis* a state trooper overheard incriminating statements made by the defendant while the defendant was being treated for his injuries. The treating physician was allowed to testify as to what defendant said. *Id.* at 187. In the instant case the third party, the officer in the emergency room, testified as to what he overheard. The same rationale that the *Lewis* court applied in allowing the doctor to testify applies here. The disclosure complained of in the instant case was made publicly and freely in the presence of a third party, Officer Beach, and the statement was not necessary to treatment. In these circumstances a waiver of the privilege occurs. *See State v. Scott,* 491 S.W.2d 514, 519 (Mo. banc 1973). Appellant's Point III is denied. Accordingly, the judgment is affirmed.

All concur.