John Harvey SPROUS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14119.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 3, 1987.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Feb. 25, 1987.

Application to Transfer Denied
April 14, 1987.

Calvin R. Holden, Conklin, Holden & Wagner, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. PINNELL, Special Judge.

Movant, John Harvey Sprous, appeals from the denial, without evidentiary hearing, of his motion to vacate his consecutive sentences of life imprisonment imposed after his convictions, following jury trial, of first degree robbery and first degree assault. On direct appeal, the convictions were affirmed. *State v. Sprous*, 639 S.W.2d 576 (Mo.1982).

The incident giving rise to the filing of the charges for which Sprous was convicted was a robbery which occurred in Spring-

field, Missouri, in 1981, during which Sprous and his codefendant, Kenneth Heistand, were demanding narcotics, at gunpoint, from Charles Cantwell, a pharmacist at the United Health Center. When Cantwell was slow to comply, Sprous shot Cantwell. The robbers seized the drugs and fled. Cantwell did not die, and testified as a state's witness at trial.

After he was confined, Sprous filed a pro se motion to vacate his convictions and sentences, pursuant to Rule 27.26.[1] In the motion, Sprous alleged he was denied effective assistance of counsel at trial because his trial counsel a) failed to subpoena three named prospective defense witnesses "having material testimony which would benefit movent [sic] in his defence [sic]," b) "failed to properly investigate the case," and c) "failed to bring out certain facts and records that would have impeached state witness Candy Davis."

The motion did not state what the testimony of the three prospective defense witnesses would be, or how such testimony would benefit Sprous. It did not state any facts to show trial counsel had failed to properly investigate the case, or failed to bring out certain facts that would have impeached the testimony of state's witness Candy Davis, who testified at trial that she was with Sprous and Heistand at the time of the holdup, but remained in the car during the robbery. The motion did not state how any act, or omission to act, of the trial counsel for Sprous, prejudiced movant's right to a fair trial.

Upon receipt of the motion, the court appointed counsel for Sprous to represent him in the 27.26 proceeding. The state then filed a motion to dismiss, contending that Sprous had failed to allege facts which, if true, would entitle him to relief, that such facts are not refuted by the record, and that the matters complained of resulted in prejudice to Sprous. The motion was sustained.

In its order, the court observed that Sprous did not allege or demonstrate prejudice in his motion to vacate, did not allege facts entitling him to relief, and "failed to

provide the court with pleadings sufficient under Missouri law." The court granted Sprous leave "to refile within sixty (60) days," which we take to mean that the trial judge was inviting Sprous to file a motion that complied with Missouri law. The record indicates that no such motion was "refiled" within the allotted time.

On appeal, Sprous, in his sole point relied on, alleges that his motion to vacate his sentence had a sufficient factual basis that would entitle him to an evidentiary hearing, and that failure to grant him one deprived him of due process of law. Our review is limited to a determination of whether the findings, conclusions, and order of the trial court are clearly erroneous. Rule 27.26(j).

An evidentiary hearing is required if the motion for post-conviction relief states facts, not conclusions, that warrant relief, that raise issues not refuted by the files and records of the case, and that result in prejudice to the movant. Rule 27.26(e); *Smith v. State*, 652 S.W.2d 134, 134 (Mo.App.1983).

Movant's brief, as did his motion, fails to allege *any* fact that would entitle him to an evidentiary hearing. There is no recitation as to what the testimony of the three alleged defense witnesses would have been, what they would have testified to, and if they were available to testify at trial. There is no allegation of fact as to what would have been gained by deposing state's witness Candy Davis, or how trial counsel failed to properly impeach her. While the brief does state that prejudice occurred because trial counsel did not subpoena alleged defense witnesses, or "properly impeach" Candy Davis, it does not state how and why such prejudice occurred. We are left in the same position the motion court was in, and would have to surmise, speculate, and assume in order to grant the relief requested.

Sprous did not allege anything in his motion to vacate that would entitle him to an evidentiary hearing and spurned the mo-

---

1. All references to rules are to Missouri Rules of     Court, V.A.M.R.

tion court's offer to file a more specific motion alleging facts that would entitle him to an evidentiary hearing. Having done so, he cannot now be heard to complain.

The findings, conclusions and order of the motion court dismissing the motion to vacate without evidentiary hearing are not clearly erroneous.

Order affirmed.

GREENE, P.J., and O'LEARY, Special Judge, concur.