**Michael T. TEASTER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 22485.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 11, 1999.

Cinda J. Eichler, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kenneth P. Ferguson, Assistant Attorney General, Jefferson City, for Respondent.

Before PREWITT, P.J., and CROW and PARRISH, JJ.

PER CURIAM.

Following a jury trial, Appellant was convicted of driving while intoxicated and sentenced as a prior and persistent offender, to ten years in the Missouri Department of Corrections. Appellant filed an amended post-conviction motion seeking relief under Rule 29.15, claiming ineffective assistance of trial counsel. The hearing court denied the motion without an evidentiary hearing.

■ In his sole point on appeal, Appellant argues that the hearing court clearly erred in failing to grant an evidentiary hearing. Appellant alleges that since no other testimony was presented by the defense at trial, an evidentiary hearing should have been held to show that evidence could have come in and that trial counsel was ineffective for failing to present the testimony of certain witnesses.

Appellant first claims he could have shown that he was not intoxicated by presentation

of the testimony of his passenger, Lowell Mason. Appellant had admitted to the arresting officers that he had consumed nine beers over a period of some five hours' time while he and Mason were fishing. Appellant further claims trial counsel made no attempt to interview this witness.

■ Appellant next states that since there was no evidence presented of any breath test, the testimony of an expert witness was needed. He contends that the medical effects of alcohol on a man of Appellant's weight and stature could best be explained by the professional opinion of a medical doctor. *See State v. Hanson,* 493 S.W.2d 8, 12 (Mo.App.1973). The metabolism of alcohol is "a subject not normally within the bounds of a juror's knowledge." *State v. Middaugh,* 802 S.W.2d 570, 573 (Mo.App.1991). The hearing court concluded that the jury could use their own common sense to know what effect nine beers would have on Appellant over a five-hour period of time.

Appellant then complains about counsel's statement in closing argument that Defendant was "sobering up" when arrested. Appellant contends this tacit admission of guilt was untrue and persuaded the jury that Appellant had been intoxicated while operating the motor vehicle.

■ Finally, Appellant insists that he alleged facts, which if proven, would have resulted in a favorable outcome and that an evidentiary hearing was needed to lay these facts before the hearing court. An evidentiary hearing is required on a motion for post-conviction relief where supported by facts, rather than conclusions, that warrant relief, raises issues not refuted by the files and records of the case, and results in prejudice to the movant. *Sprous v. State,* 726 S.W.2d 427, 428 (Mo.App.1987).

The State so concedes, agreeing that this case should be remanded for the sole purpose of conducting an evidentiary hearing with respect to Appellant's allegations of ineffective assistance of counsel on the three subpoints which have been appealed. We agree.

The judgment is reversed and remanded to the Circuit Court of Laclede County for an evidentiary hearing.