Michael J. TEASTER, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 23396.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 2000.

David G. Neal, Neal Law Firm, Emi-
nence, for Appellant.

Rosalynn Koch, Asst. Public Defender,
Columbia, for Respondent.

KENNETH W. SHRUM, Judge.

This is a Rule 29.15 case in which the
motion court denied the request of Michael
Teaster ("Movant") for post-conviction re-
lief.[1] The denial came after the court held
an evidentiary hearing. Movant appeals,
charging the motion court clearly erred in
rejecting two of his claims of ineffective
assistance of trial counsel. We disagree.
We affirm the motion court's denial of
Movant's motion for post-conviction relief.

1. All rule references are to Missouri Supreme
Court Rules (2000), unless otherwise indicat-
ed.

A jury convicted Movant of felony driving while intoxicated ("DWI"), § 577.010.[2] Movant had multiple convictions, so the trial court imposed sentence. *See* § 558.016 and § 577.023. Movant appealed the judgment in his criminal case, and this court's affirmance of that judgment is reported in *State v. Teaster*, 962 S.W.2d 429 (Mo.App.1998). Thereon, Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed, an amended motion filed, and the motion was denied without an evidentiary hearing. An appeal from the denial of that motion was taken, and this court reversed and remanded to the circuit court with directions to conduct an evidentiary hearing. *Teaster v. State*, 986 S.W.2d 175, 176 (Mo.App.1999). The motion court concluded Movant was not denied effective assistance of counsel. This appeal followed. We affirm.

In his only point on appeal, Movant charges, in two subparts, he received ineffective assistance of counsel in the underlying criminal case because his trial counsel "failed to investigate and call Lowell Mason ["Witness"] at trial" and "argued to the jury that [Movant] 'was sobering up' "at the time of the traffic stop and arrest. Movant asserts Witness could have easily been located and would have provided a viable defense to the charge. Furthermore, Movant claims the "sobering up" comment during counsel's closing argument amounted to an admission of guilt and was not reasonable trial strategy.

■ Appellate review of a denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *State v. Ervin*, 835 S.W.2d 905, 928 (Mo.banc 1992). "The ... findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* at 928[42].

To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

To obtain relief, a movant must prove both the performance and the prejudice prongs of the *Strickland* test, and if he or she fails to satisfy either prong, we need not consider the other. *State v. Simmons*, 955 S.W.2d 752, 772 (Mo.banc 1997). In reviewing the performance prong, a movant must overcome a strong presumption that movant's trial counsel acted competently. *Leisure v. State*, 828 S.W.2d 872, 874[5] (Mo.banc 1992).

■ In Movant's first contention, he claims trial counsel was ineffective for failing to investigate Movant's assertion that he knew of a witness who could provide a viable defense and for failure to call Witness at trial. Witness was fishing with Movant on the day of the arrest and was present at the scene of the arrest.

To prevail on this claim, Movant must prove: (1) trial counsel knew of the existence of the witness, (2) the witness could have been located through reasonable investigation, (3) the witness would have testified, and (4) the testimony would have provided a viable defense. *State v. Harris*, 870 S.W.2d 798, 817[49] (Mo.banc 1994). There is no question counsel knew of the existence of Witness. However, counsel testified Movant told him "[Movant] didn't know where [Witness] was ... thought that [Witness] was living in California, had moved, and they [Movant and

---

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.

family] were going to try and locate [Witness] themselves." Witness and Movant testified Witness was living in the area and was easy to locate. Trial counsel also testified in the evidentiary hearing he did not interview Witness because the information provided by Movant indicated Witness would not be helpful because he could not add anything to the case and that Witness would not be credible. This trial strategy was based on the fact Witness was drinking with Movant and that Witness was "either passed out or asleep at the time" of the arrest. Furthermore, counsel stated he and Movant made the decision together not to call Witness. Movant testified he repeatedly asked counsel to contact Witness, and that Witness observed everything which took place during the traffic stop.

■ Failure to interview a witness is rarely sufficient to support a claim of ineffective assistance of counsel. *State v. Bolds,* 913 S.W.2d 393, 397[8] (Mo.App. 1996). If counsel reasonably believes a potential witness will not unqualifiedly support his or her client's position, the decision not to call that person as a witness is a reasonable trial strategy choice and is not ineffective assistance. *State v. Walden,* 861 S.W.2d 182, 186[10] (Mo.App. 1993). The strategic choice not to call a witness is virtually unchallengeable. *State v. Butts,* 938 S.W.2d 924, 930[11] (Mo.App. 1997).

■ Since trial counsel and Movant disagreed as to these pretrial events, the motion court had to make the decision of whom to believe. We must defer to the motion court's superior position in determining the credibility of witnesses. *Simmons,* 955 S.W.2d at 773. The motion court is free to disbelieve any testimony even where uncontradicted. *State v. Kelley,* 953 S.W.2d 73, 93[52] (Mo.App.1997). Trial counsel's testimony supports the contention that the decision not to call Witness was reasonable trial strategy. The motion court chose to believe his testimony, as was its prerogative. Movant's first subpoint is denied.

■ Movant's second contention asserted trial counsel was ineffective because, in closing argument, counsel stated Movant was "sobering up" at the time of the traffic stop and subsequent arrest. Movant claims this was an admission of guilt. Movant has taken one comment by trial counsel and has not shown the full context in which it was made. The jury was presented with evidence which was basically uncontradicted. At trial, one police officer testified Movant admitted to him that he had nine beers prior to the arrest. Both officers also testified Movant was intoxicated based on Movant's failure to pass the field sobriety tests. A picture showing Movant's eyes were not bloodshot on the night of the arrest was the only evidence Movant presented. Movant did not testify because of his prior record. Trial counsel stated "whatever drinking he had been doing, the effects of it were wearing off. And hopefully, the jury would believe that they had worn off sufficiently at that time to decide that he wasn't guilty." Counsel further claimed "that was the only reasonable argument to make from the evidence." "The allegation that counsel gave an ineffective closing argument is a matter of trial strategy which does not provide a basis for post-conviction relief." *State v. Hamilton,* 791 S.W.2d 789, 797[19] (Mo. App.1990). We cannot disturb the motion court's decision that trial counsel's comment, when viewed in context, was reasonable trial strategy. Therefore, Movant's second subpoint is without merit.

We are not left with the definite and firm impression a mistake has been made and do not find the motion court's findings and conclusions are clearly erroneous. Point denied.

The judgment is affirmed.

PARRISH, P.J., and MONTGOMERY, J., concur.