Randall **BARKER**, Movant–Appellant,

v.

**STATE of Missouri, Respondent– Respondent.**

No. 24620.

Missouri Court of Appeals, Southern District, Division Two.

July 25, 2002.

Motion for Rehearing and Transfer Denied Aug. 16, 2002.

Application for Transfer Denied Sept. 24, 2002.

take the stand and testify in his own behalf. The court did not err in denying Movant's Rule 29.15 motion. We affirm.

Movant began a romantic relationship with Heather Valentine ("Victim") sometime in 1996, and it continued until November of that year when Movant was sent to prison. As part of his parole, Victim agreed to allow Movant to live with her as part of his "home plan." On March 7, 1997, Movant arrived at Victim's house, and the couple began arguing because Victim "didn't want a sexual relationship[.]" The next morning Victim left for work and made plans to meet Movant at his cousin's house after work. Victim arrived there around 1:00 p.m. and "hung out" for approximately one hour. At that point, Victim departed and went home to clean her house, and Movant arrived there approximately 45 minutes to an hour later.

The couple again began arguing regarding a sexual relationship. Ultimately, Movant became violent and struck Victim in the face breaking her nose. Movant then raped and sodomized Victim. Afterward, Victim managed to escape in her truck and flagged down a police officer at 4:04 p.m. Movant fled to Los Angeles initially and was finally apprehended in Georgia.

At trial, Movant admitted hitting Victim in the face, but denied that he raped or sodomized her. A jury convicted Movant and the trial judge sentenced him to two concurrent terms of 25 years' imprisonment for the rape and sodomy counts and to 10 years for the assault conviction. The latter sentence was ordered to be served consecutively to the other sentences. Movant's appeal from the resulting judgment was affirmed by this court per summary order (Rule 30.25(b)) and memoran-

Karen Bourgeous, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Office of the Attorney General, Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Randall Barker ("Movant") appeals a judgment denying his Rule 29.15 motion for post-conviction relief from his convictions for forcible rape (§ 566.030), forcible sodomy (§ 566.060), and second degree assault (§ 565.060).[1] Movant alleges the motion court erred in denying his motion because his trial counsel was ineffective for failing to investigate a witness that would have provided an alibi. Movant also alleges this failure to investigate forced him to

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise indicated. All statutory references are to RSMo Cum.Supp. (1998), unless stated otherwise.

dum opinion. Movant then timely filed the Rule 29.15 motion that is at issue in this appeal.

At Movant's Rule 29.15 evidentiary hearing, he presented the testimony of his cousin, Jennifer Pilkinton ("Pilkinton"). She testified that Movant was at her house the entire day the alleged crimes occurred except between 2:00 p.m. and 2:25 p.m. Pilkinton also stated she was never contacted by Movant's trial attorney, Michelle Law ("Law"), either by phone or letter, but that she attempted to contact Law on three separate occasions and left a message at least once with a secretary. Pilkinton conceded, however, that she never talked with Movant about her willingness to testify "from the time the incident occurred to . . . after the trial."

Contrarily, Movant testified he spoke with Pilkinton prior to trial about testifying on his behalf. Moreover, Movant stated he told Law to contact Pilkinton because the issue of time was "big." Law testified that she attempted to contact Pilkinton periodically by phone, sent a letter to her home address, and sent her investigator to her home address. According to her, all such efforts were futile. Law also stated that typically if someone left a message she would receive it, but she did not receive any message that Pilkinton had called.

Pilkinton testified she was sure of the period when Movant was absent from her house on the day the crime was committed because from 2:00 to 3:00 p.m. she always watched the television show "Hercules," and Movant was back from Victim's home before the second commercial. However, in a sworn statement, Pilkinton claimed "I know it was at 2:30 p.m. when he came back because I was waiting on a show to come on at 2:30. [Movant] knocked on the door at 2:30."

The motion court denied Movant's request for post-conviction relief. In doing so, the court pointed out several instances when Pilkinton's and Movant's testimony conflicted. The court found that Pilkinton had not been willing to testify at the time Law was trying to contact her; consequently, Law was not ineffective.

■ Appellate review of a motion court's disposition of a Rule 29.15 motion is limited to deciding "whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). A motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Franklin v. State*, 24 S.W.3d 686, 689 (Mo.banc 2000), *cert. denied*, 531 U.S. 951, 121 S.Ct. 356, 148 L.Ed.2d 286.

■ To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and second, counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693 (1984). Prejudice under the *Strickland* analysis is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. To prevail on his claim, Movant must show: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could have been located through reasonable investigation; (3) the witness would have testified if called; and (4) the testimony of the witness would have provided a viable defense. *State v. Clay*, 975

S.W.2d 121, 143[84] (Mo.banc 1998); *Teaster v. State*, 29 S.W.3d 858, 859 (Mo. App.2000).

■ Movant's first point on appeal alleges the motion court erred in denying his motion because he had shown that Law failed to investigate and call Pilkinton as a witness. He claims her testimony would have provided him with an alibi to the crimes charged. Movant has failed to meet his burden of proving ineffective assistance. There is no question that Law knew of the existence of Pilkinton, but there is an abundance of evidence that she could not be located through reasonable investigation and effort. Law testified she tried to call Pilkinton periodically throughout the pendency of the case and would do so after each time she spoke with Movant, yet was never able to reach Pilkinton. Moreover, Pilkinton never responded to the letter sent by Law. Finally, Law sent her investigator to Pilkinton's home address but was still unable to talk with Pilkinton. This was a reasonable investigation and effort to contact Pilkinton, and the trial court was free to believe Law's testimony concerning her efforts. *Teaster*, 29 S.W.3d at 860[4].

■ "In the real world containing real limitations of time and human resources, criminal defense counsel is given a heavy measure of deference in deciding what witnesses and evidence are worthy of pursuit." *State v. Twenter*, 818 S.W.2d 628, 635 (Mo.banc 1991). When an appellate court reviews a Rule 29.15 case, it indulges a strong presumption that defense counsel's conduct falls within the wide range of reasonable professional assistance. *Bright v. State*, 4 S.W.3d 568, 569[1] (Mo.App. 1999). "Our 'scrutiny of counsel's performance must be highly deferential,' and the strong presumption serves to eliminate the 'distorting effects of hindsight.'" *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct at 2065). Guided by these principles, we con-

clude that the motion court did not err when it implicitly found that Law's efforts to contact and procure the testimony of Pilkinton fell within the wide range of reasonable professional assistance. Point I is denied.

■ In Movant's second point, he claims his counsel was ineffective "when she failed to investigate and call [Pilkinton] to testify on behalf of [Movant]. [Movant] was forced to testify thereby revealing his prior felony convictions, which resulted in prejudice." Our decision regarding Movant's first point, i.e., Law was not ineffective, disposes of Movant's second point adversely to him.

The motion court's findings of fact and conclusions of law are not clearly erroneous. The judgment denying Movant's Rule 29.15 motion is affirmed.

PREWITT, P.J., and PARRISH, J., concur.