STATE of Missouri, Plaintiff–
Respondent,

v.

Ronnie G. EISLEY, Defendant–Appellant.

Ronnie G. EISLEY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18214, 18654.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 6, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for defendant-movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following a jury verdict finding him guilty of driving while intoxicated, appellant was sentenced as a prior offender to four years' imprisonment. He appealed from that conviction. Appellant also filed a motion under Rule 29.15, seeking to vacate the conviction. After an evidentiary hearing, the motion was denied. Appellant also appealed from that ruling. The appeals were consolidated. Rule 29.15(*l*).

Appellant presents one point relied on. It challenges the sufficiency of the evidence "to prove beyond a reasonable doubt that appellant operated a motor vehicle ... in that the engine of the truck was not running, appellant did not admit that he had driven the automobile, and there was no indication how long appellant's truck had been sitting in the road."

"In reviewing to determine if a submissible case was made, this court accepts as true all evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregards evidence and inferences to the contrary." *State v. Brown,* 749 S.W.2d 448, 450 (Mo.App.1988).

■ In his brief appellant summarizes the evidence and his contention regarding it as follows:

Viewing the evidence in a light most favorable to the verdict, the evidence only showed that appellant was found in a parked pickup blocking a road with its headlights on, with the keys in the ignition, and the hood was warm. Such evidence did not establish that appellant kept the vehicle in physical restraint or was in a position to regulate its movements. No evidence was presented that showed the position of the ignition switch or whether the truck was in gear.

In addition, there was evidence that appellant was the only person in the vehicle and behind the steering wheel, an empty vodka bottle was in the bed of the truck and a bottle of vodka, one-third full, was on the seat next to appellant. Appellant admittedly was intoxicated.

Appellant testified that another person had been driving his vehicle when they stopped, waiting for a friend to come home. They got in an argument over where his friend had parked the truck and after arguing, the friend walked away, leaving appellant alone in the vehicle. Appellant said he was going to drive home, but decided he was too drunk and went to sleep.

■ It is not necessary that the engine be running. The evidence was sufficient for the jury to find beyond a reasonable doubt that appellant was operating the vehicle. *See Wilcox v. Director of Revenue,* 842 S.W.2d 240, 243 (Mo.App.1992) and cases cited therein; *State v. Block,* 798 S.W.2d 213, 216 (Mo. App.1990); *State v. Parr,* 754 S.W.2d 921 (Mo.App.1988); *State v. Williams,* 752 S.W.2d 454 (Mo.App.1988); *State v. Hoeber,* 737 S.W.2d 484 (Mo.App.1987). The jury as a trier of facts, determines credibility and was not required to believe appellant's testimony. *State v. Rodney,* 760 S.W.2d 500, 504 (Mo.App.1988). Appellant's point has no merit.

The judgments are affirmed.

CROW and GARRISON, JJ., concur.