**STATE of Missouri Plaintiff–Respondent,**

v.

**Marcus SWINSON, Sr., Defendant–Appellant.**

No. 20882.

Missouri Court of Appeals,
Southern District,
Division One.

March 19, 1997.

Michael S. Shaeffer, Larry Maples, Joplin, for appellant.

John J. Podleski, Asst. Pros. Atty., Jasper County, Joplin, for respondent.

BARNEY, Presiding Judge.

Appellant, Marcus Swinson, Sr. (Swinson) appeals from his conviction in the Circuit Court of Jasper County, Missouri, of the class A misdemeanor of driving while intoxicated in violation of § 577.010.[1] The case was tried before a judge, without a jury. He was sentenced as a prior offender, under the provisions of § 577.023.1(3), to a one year term of imprisonment.

Swinson presents two points relied on. In his first point, Swinson challenges the sufficiency of the evidence which found him guilty of driving while intoxicated beyond a reasonable doubt. He asserts that he was not in actual physical control of the automobile in which he was found by police, although he admits that he was intoxicated at the time of his arrest. Second, he argues that the trial court erred in admitting State Exhibit 5, as an admission against interest. Swinson contends that the exhibit is inadmissible, hearsay testimony and should have been excluded.

■ " 'In reviewing to determine if a submissible case was made, this court accepts as true all evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregards evidence and inferences to the contrary.' " *State v. Eisley,* 866 S.W.2d 498, 499 (Mo.App.1993).

The evidence shows that at about 10:00 A.M. on March 6, 1995, Joplin city police found Swinson seated behind the wheel of his 1991 Mazda, north of the intersection of 20th and Murphy Boulevard in Joplin, Missouri.

He was some 15 feet off of the traveled portion of Murphy Boulevard, on grass in a "park-like" area. The automobile was not impeding traffic. The key to the automobile was in the ignition. The engine was not running and the ignition was not engaged. No headlights were on. In direct testimony the police officers acknowledged State counsel's characterization of the temperature of the interior of the automobile as being "comfortable." The police also testified that the windows were not fogged. They did not feel the hood to determine if it was warm. No alcohol was located inside the car, but Swinson was disheveled, smelled of intoxicants, belligerent, glassy eyed, required assistance to stand and walk, was slurred of speech and unable to follow directions.

Swinson testified that he had driven from Columbus, Kansas, earlier in the morning and had stopped at the home of his ex-fiancee, Ms. Denise Eagan, at Cassville, Missouri, at 8:00 or 8:30 A.M. She then entered the vehicle and drove it en route back to Columbus. Upon reaching Monett, Missouri, Swinson stated that he purchased vodka and beer and drank as Ms. Eagan continued driving the vehicle. The couple feuded and when in Joplin, Missouri, Ms. Eagan parked the car and left it in the position where it was located at the time of the arrest. Ms. Eagan's testimony coincided with that of Swinson, although on cross-examination she was unclear whether the event took place in the morning hours of March 6, 1995, or the evening before. She further stated that when she left the vehicle, she threw the keys on the front seat or front floor board of the vehicle and telephoned her mother to pick her up at a nearby store. It was cold outside when she departed the vehicle.

In its findings of facts and conclusions of law, the trial court based its determination on the facts as testified to by all parties and did not make findings questioning the credibility of the witnesses. It then determined that Swinson was "guilty under his own evidence."

Section 577.010.1 states that a "person commits the crime of **'driving while intoxi-**

---

**1.** Statutory references are to RSMo 1994, unless     otherwise noted.

cated' if he operates a motor vehicle while in an intoxicated or drugged condition." According to the statutory definitions contained in § 577.001.1, a person "operates" a motor vehicle when he is "physically driving or operating or being in actual physical control of a motor vehicle."[2]

■ " 'Actual physical control' is construed as existing or present bodily restraint, directing influence, domination or regulation of a vehicle, and it exists even where the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements and the automobile is running." *State v. Dey*, 798 S.W.2d 210, 212 (Mo.App.1990)(citing *Taylor v. McNeill*, 714 S.W.2d 947, 948 (Mo.App. 1986).[3] A finding of actual physical control is not defeated by the fact that the driver is asleep, provided the engine is running. *Id.; see also State v. Hollis*, 800 S.W.2d 69, 71 (Mo.App.1990).

In *State v. Eisley*, 866 S.W.2d at 499, this Court held that it was not necessary that the engine be running to show actual physical control of a motor vehicle. However, there were other additional factors evidencing the driver had been operating his vehicle in an intoxicated condition: the vehicle was blocking a road with its headlights on, the keys were in the ignition and the hood was warm.

*In State v. Hoeber*, 737 S.W.2d 484, 485–86 (Mo.App.1987), the driver's conviction for driving while intoxicated was affirmed, although the driver was found asleep inside his car which was motionless and not running. However, there was additional evidence supporting the conviction. The evidence showed that the engine compartment was warm, the keys were in the ignition with the brake light on and the driver admitted that he had been driving the vehicle.

In *State v. Liebhart*, 707 S.W.2d 427 (Mo. App.1986), the driver was found sitting in the driver seat with his hand on the ignition key, attempting to start the vehicle. He showed

signs of intoxication. The vehicle's motor was not running. The court agreed with the driver's contentions that "a car which is not running cannot be restrained nor have its movements regulated and ... therefore, [the driver] was not operating it when the officer arrived." It concluded that the evidence failed to show that the driver had operated the vehicle while he was intoxicated. *Id.* at 430.

Also, in *State v. Block*, 798 S.W.2d 213 (Mo.App.1990), the driver was found behind the wheel of a vehicle in a ditch, sleeping. The keys were in the console of the vehicle. Intoxicants could be smelled in the car. The engine was not running. The court stated that "there exists no proof that the car had been running" and reversed the driver's conviction for driving while intoxicated. *Id.* at 216.

■ We conclude that "non-engine-running cases require significant additional evidence of driving and the connection of driving with intoxication in order to sustain a criminal conviction." *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992)(citing *Block*, 798 S.W.2d at 216 and *Liebhart*, 707 S.W.2d at 429.

■ We determine that there is no "significant additional evidence of driving" in the instant case. While the keys were in the ignition, one officer testified that "they come [sic] straight out, so they wouldn't have been in the locked-in position; they would have just been pushed into the ignition."

Although the police acknowledged that the interior temperature of the vehicle was at a comfortable level and that the windows contained no condensation or fogging, this does not inferentially prove that the vehicle's heater had been recently operated. No evidence was presented indicating what the outside temperature was on March 6, 1995, at the time of Swinson's arrest. No evidence was presented showing whether the sun was or was not shining, a factor which would have

---

**2.** We note that the legislature has recently changed the definition of "operates" contained in § 577.001.1. Under the new definition, a person "operates" a vehicle when he is "physically driving or operating a motor vehicle." However, this new definition is not applicable in Swinson's

case as it did not become effective until August 28, 1996.

**3.** In *Dey*, the facts showed that the driver was on a parking lot, asleep behind the wheel with the key in the ignition and the engine running.

directly impacted the temperature both in and out of the vehicle. Although Ms. Eagan testified that earlier in the morning the temperature was "cold," as she was walking away from the vehicle, her testimony alone does not prove that the temperature did not climb, as the course of the day wore on. No other evidence of winds or other weather conditions or outside temperatures was presented.

Additionally, the police stated that they were unable to testify as to whether the hood of the vehicle was warm or cold. Neither brake lights nor headlights were shining. The vehicle was off the road, not blocking a roadway or traffic. Swinson did not admit to operating the vehicle at any time after arriving in Cassville, Missouri. Neither was there independent evidence showing that Swinson had been driving the vehicle at any time after leaving the home of his ex-fiancee.

There was insufficient evidence from which the trial court could have found that Swinson operated the vehicle while he was intoxicated. The judgment is hereby reversed, the sentence imposed is set aside, and Appellant Marcus Lee Swinson, Sr., is ordered discharged.[4]

GARRISON and PREWITT, JJ., concur.

---

**4.** Because of our determination, Swinson's second point is rendered moot and is not considered.