STATE of Missouri, Respondent,

v.

James J. EPPENAUER, Appellant,

No. WD 53944.

Missouri Court of Appeals,
Western District.

Dec. 16, 1997.

Karl L. Madden, Jr., Moberly, for appellant.

James Bradley Funk, Asst. Pros. Atty., Macon County, for respondent.

Before ULRICH, C.J., and SPINDEN and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

James J. Eppenauer appeals his conviction and sentence for driving while intoxicated,

section 577.010 [1]. He claims that the evidence was insufficient to prove his guilt of driving while intoxicated. He also contends that his arrest for driving while intoxicated was unlawful because it did not occur within one and one-half hours of the claimed violation as mandated by section 577.039.

The judgment of conviction is affirmed.

Trooper Kevin Linear of the Missouri State Highway Patrol was on duty in the early morning hours of July 28, 1996, when he received a radio dispatch at approximately 1:00 a.m. regarding a vehicle in a ditch in rural Macon County. He immediately proceeded to the scene, which was 20 miles away. Upon arriving at the scene, he found a tan 1988 Chevrolet Nova in a ditch. The vehicle was unoccupied and locked. Nobody was in the area. Trooper Linear conducted a computer check of the automobile's license plate number and learned that the vehicle was registered to the appellant, James Eppenauer.

Trooper Linear then drove west to search for the driver of the vehicle and found Mr. Eppenauer walking along the road approximately one mile away. As Mr. Eppenauer got in the patrol car, Trooper Linear noticed that he smelled of alcohol and had to balance himself against the car to keep from falling. Inside the car, Trooper Linear observed that Mr. Eppenauer had slurred speech and glassy eyes. Mr. Eppenauer explained that "a big truck had run him off the road."

Trooper Linear then informed Mr. Eppenauer that he wanted to perform some sobriety tests and drove to a nearby camping area. Four sobriety tests were administered to Mr. Eppenauer: the horizontal gaze nystagmus test, the one leg stand test, the walk-and-turn test, and recitation of the alphabet. Mr. Eppenauer failed them all. He was then arrested and informed of his *Miranda* rights. Trooper Linear and Mr. Eppenauer then returned to Mr. Eppenauer's car. The contents of a cooler in the back seat were searched, and no alcoholic beverages were found. Mr. Eppenauer was then transported to the Macon County sheriff's office.

1. All statutory references are to RSMo 1994 unless otherwise indicated.

At the sheriff's office, Mr. Eppenauer denied being in an accident and denied drinking alcohol. He admitted to driving the vehicle and restated that a truck had run him off the road. Mr. Eppenauer took a breath test and registered a blood alcohol content of .17 percent. He was then issued a citation for driving while intoxicated. This appeal followed.

## I. SUFFICIENCY OF THE EVIDENCE

■ On appeal, Mr. Eppenauer claims that the trial court erred in finding him guilty of driving while intoxicated. He argues that the evidence was insufficient to prove the elements of the offense beyond a reasonable doubt.

Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). A reviewing court accepts as true all evidence and inferences that support the verdict and disregards unfavorable evidence and inferences. *State v. West*, 825 S.W.2d 402, 403 (Mo.App.1992).

■ A person commits the crime of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition. § 577.010. Each word in the name of the offense, driving while intoxicated, identifies an element of proof. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992). Circumstantial evidence may prove the elements of the offense, driving while intoxicated. *Id.* at 243. In non-engine-running cases, significant additional evidence of driving and the connection of driving in an intoxicated state is required to sustain a criminal conviction. *Id.*

Trooper Linear's senses detected Mr. Eppenauer's manifest indicia of intoxication. Trooper Linear smelled a strong odor of alcohol, observed Mr. Eppenauer's unsteady balance and glassy eyes, and heard Mr. Eppenauer's slurred speech. Additionally, Mr. Eppenauer failed four sobriety tests and had a blood alcohol content of .17 percent.

Trooper Linear testified that in his opinion, Mr. Eppenauer was intoxicated. Mr. Eppenauer admitted to Trooper Linear that he was driving the automobile when he drove the vehicle off the road, stating that he had been "run off the road" by a truck. The remote site of the one-car accident and the absence of alcohol containers in Mr. Eppenauer's car or the surrounding area reasonably tended to show access to alcoholic drink was unavailable from the time the car was driven into the ditch until Mr. Eppenauer was found by the trooper. A reasonable inference could be drawn, therefore, that Mr. Eppenauer was intoxicated when he drove his vehicle into the ditch. The evidence was sufficient to prove that Mr. Eppenauer was guilty of the offense, driving while intoxicated. *See State v. Myers*, 940 S.W.2d 64, 65 (Mo.App.1997); *State v. Litterell*, 800 S.W.2d 7, 11 (Mo.App.1990). Point denied.

## II. VALIDITY OF ARREST

■ Mr. Eppenauer also claims on appeal that the trial court's finding that his arrest was lawful was erroneous. He argues that the evidence showed that the arrest did not occur within one and one-half hours of the claimed violation as required by section 577.039.

Section 577.039 states:

An arrest without a warrant by a law enforcement officer, including a uniformed member of the state highway patrol, for a violation of section 577.010 or 577.020 is lawful whenever the arresting officer has reasonable grounds to believe that the person to be arrested has violated the section, whether or not the violation occurred in the presence of the arresting officer; provided, however, that *any such arrest without warrant must be made within one and one-half hours after such claimed violation occurred.*

§ 577.039 (emphasis added). Section 577.039 presents a specific time limitation during which a warrantless arrest can be made. *Collette v. Director of Revenue*, 717 S.W.2d 551, 555 (Mo.App.1986). That a warrantless arrest was or was not made within the time limitation does not bear on the criminality of the conduct alleged against a defendant, and

the State is not required to prove, as an element of the offense, that the arrest was made within the time limit. *State v. Litterell,* 800 S.W.2d 7, 12 (Mo.App.1990). Instead, a defendant must inject the issue by evidence that the arrest occurred more than one and one-half hours of the claimed violation to show that the arrest was unlawful. *Id.* at 13.

At trial, Mr. Eppenauer elicited from Trooper Linear that he did not know when the accident occurred. He argues on appeal that because no evidence was presented of exactly when the violation, driving while intoxicated, occurred, the State was unable to prove that the arrest was made within the statutory time limit. Mr. Eppenauer's argument fails. The burden to prove that the arrest was made more than one and one-half hours after the claimed violation occurred was Mr. Eppenauer's, not the State's. Mr. Eppenauer did not introduce evidence of the time he last drove or the time of arrest.[2] Trooper Linear's lack of knowledge of the time the accident occurred was insufficient, alone, to prove that the arrest took place more than one and one-half hours after the accident. Trooper Linear's testimony regarding the events leading up to the arrest permit a reasonable inference that the arrest could have occurred within the statutory time limit. Mr. Eppenauer failed to show that the arrest occurred more than one and one-half hours after the claimed violation occurred. The trial court's finding that the arrest was lawful, therefore, was proper. Point denied.

The judgment of conviction is affirmed.

SMART, J., concurs.

SPINDEN, J., dubitante.

---

**2.** Although Mr. Eppenauer states in his brief that the time of arrest was 1:50 a.m., there was no evidence introduced at trial of the exact time of arrest.