**STATE of Missouri, Respondent,**

v.

**Kevin ANDERSON, Appellant.**

**No. 24899.**

Missouri Court of Appeals,
Southern District,
Division One.

April 24, 2003.

Motion for Rehearing or Transfer Denied
May 12, 2003.

Application for Transfer Denied
July 1, 2003.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charnette D. Douglass, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, J.

Kevin Anderson ("Appellant") appeals his conviction and sentence after a bench trial for felony driving while intoxicated, § 577.010; § 577.023.3.[1] The Circuit Court of Greene County sentenced Appellant to three years' imprisonment, suspended execution of sentence and placed Appellant on five years' supervised probation. Appellant has raised two points of trial court error but we solely address Appellant's first point, because it is dispositive of this appeal. We reverse.

The record shows that on April 10, 2000, at approximately 9:15 p.m., Joretta Butler was stopped at a traffic light, waiting to make a left-hand turn. A vehicle driven by Bang Lam was stopped behind her. While both vehicles were waiting, a truck struck Lam's vehicle from behind, pushing it into Butler's vehicle. Lam testified at trial that his vehicle was totaled as a result of the accident. Although Lam could not identify the make of the vehicle nor the driver of the vehicle, he noted only one person in the truck that hit him. As to the color of the truck, Lam testified, at one point that "I think it was white." When asked the same question on cross-examination he acknowledged that he didn't remember what color the vehicle was. Lam stated the driver who struck Lam did not stop to see if anyone had been injured. Instead, Lam watched as the truck backed up and turned into a nearby parking lot of Bass Pro Shop.

---

1. Appellant was sentenced under § 577.023.3 as a persistent offender. All statutory references are to RSMo 2000, unless otherwise specified.

The record shows that Frank Kukal was a security supervisor at the Battlefield Mall and a reserve police officer and that Lam stopped and informed Kukal that he had just been involved in an accident and that the person who hit his vehicle had left the scene and pulled his vehicle into the near-by parking lot at the Bass Pro Shop.[2] After calling 911 to report the accident, Kukal proceeded to the parking lot. Once in the parking lot, Kukal immediately noticed a small white truck. Appellant was the only person in the truck when Kukal arrived. Kukal watched as Appellant exited the vehicle from the driver's side. It appeared to Kukal that Appellant was unable to maintain his balance. Kukal spotted dents in the front of Appellant's vehicle.

Kukal approached Appellant and asked him to return to his vehicle. Appellant replied that he had not been driving and denied that the white truck from which he had exited belonged to him. Appellant then claimed that he had parked his vehicle on the other side of the store from where the white truck was located.

When Officer Steve Lowe of the Springfield Police Department arrived at the parking lot, he observed Kukal and Appellant walking towards a white truck. Upon questioning Appellant, Officer Lowe discerned that Appellant's eyes were glassy, that Appellant's balance was awkward and that he had an odor of intoxicants to him. Appellant was belligerent with Officer Lowe and could not focus enough to answer questions.

Because Officer Lowe thought there was a good possibility that Appellant was the driver that had left the scene of the accident, and that Appellant might be intoxicated, the officer handcuffed Appellant. When the officer patted him down, he discovered keys in Appellant's pocket. Although at one point Appellant had denied owning the white truck, the keys found in Appellant's pocket fit the ignition to the truck.

Officer Richard Mansel of the Springfield Police Department had also been dispatched to the parking lot. When Officer Mansel arrived, he inspected Appellant's truck and noticed what appeared to be fresh damage to the right front bumper. Officer Mansel smelled intoxicants on Appellant and told him he was going to administer field sobriety tests. Although Appellant admitted to Officer Mansel that he had been drinking, he insisted that he had not been driving and claimed he did not know how his truck came to be parked in the lot.

Officer Mansel administered three field sobriety tests, and based on the results, the officer formed the opinion that Appellant was under the influence of alcohol. The officer placed Appellant under arrest for driving while intoxicated. Once at the police department, Appellant refused to take a Breathalyzer test.

Appellant was charged with the Class D felony of driving while intoxicated. §§ 577.010; 577.023.3. Appellant waived jury trial, and on February 19, 2002, a bench trial was held. Appellant offered no witnesses at trial. After the State rested, Appellant's motion of acquittal was denied. The trial court then took the case under advisement. On April 5, 2002, Appellant and his counsel appeared before the trial court and Appellant was informed of the trial court's verdict of guilt and the trial court entered judgment and pronounced sentence. This appeal follows.

---

**2.** As to how much time lapsed from the time of the accident before Lam stopped Kukal, Lam testified that it was five minutes. He further confirmed that time estimation on two other occasions in his testimony.

Appellant assigns trial court error because the trial court overruled Appellant's motion for judgment of acquittal at the close of the evidence and sentenced Appellant for driving while intoxicated. He contends the State failed to prove beyond a reasonable doubt that he had operated a motor vehicle while intoxicated. Specifically, Appellant attacks the sufficiency of the evidence to convict him.

The appellate court reviews the sufficiency of the evidence in a court-tried criminal case by applying the same standard used in a jury-tried case. *State v. Agee*, 37 S.W.3d 834, 836 (Mo.App.2001). " 'We review the denial of a motion for acquittal to determine if the state adduced sufficient evidence to make a submissible case.' " *Id.* (quoting *State v. Howard*, 973 S.W.2d 902, 906 (Mo.App.1998)). Where Appellant contests the sufficiency of the evidence to support his conviction, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable trier of fact might have found Appellant guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). In determining the sufficiency of the evidence to support a conviction, this Court accepts as true all reasonable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *Agee*, 37 S.W.3d at 835. It is not this Court's function to reweigh the evidence. *Id.*

"Section 577.010.1 states that a 'person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition.' " *State v. Swinson*, 940 S.W.2d 552, 553–54 (Mo.App.1997). "The statutory definition of the term 'operate' is found in Section 577.001(1), which states that a person 'operates' a motor vehicle by 'physically driving or operating a motor vehicle.' " *State v. Thurston*, 84 S.W.3d 536, 539 (Mo.App.

2002). Thus, this Court must determine whether the State presented sufficient evidence that a reasonable fact finder could find beyond a reasonable doubt: 1) that Appellant was driving or operating a motor vehicle; and 2) that he did so while intoxicated. *See Agee*, 37 S.W.3d at 836. We determine that while there may have been sufficient evidence for a reasonable fact finder to find beyond a reasonable doubt that Appellant was intoxicated, there was insufficient evidence for the fact finder to have found that Appellant had been driving or operating a motor vehicle. *See Thurston*, 84 S.W.3d at 541.

■ While it is true that circumstantial evidence may be used to prove the elements of the offense of driving while intoxicated, "[i]n non-engine running cases, significant additional evidence of driving and the connection of driving in an intoxicated state is required to sustain a criminal conviction." *State v. Eppenauer*, 957 S.W.2d 501, 503 (Mo.App.1997).

■ In the case at bar, the State had the burden to prove that Appellant was driving or operating a motor vehicle as required by the statute. It failed to do so. There was no evidence that Appellant's truck was, in fact, the one that hit Lam's car and that he was driving the truck.

While Lam observed what he thought was a white truck pull into a nearby parking lot after the crash, there was no evidence that the truck actually stopped in the parking lot. Although Kukal testified that he saw Appellant exit from the driver's side of a white truck, there was no testimony elicited that Kukal ever saw Appellant actually driving the vehicle. Indeed, Kukal arrived at the parking lot at least five minutes after the occurrence of the accident since this is the time lapse from the time of the accident to the time that Lam hailed Kukal. Additionally, there was no testimony that anyone ever

saw Appellant park his vehicle. There was no testimony that either Kukal or other officers felt the hood of Appellant's truck to determine if the engine was warm.

Nor was there any demonstrative evidence presented at trial linking the observed dents on Appellant's truck with Lam's vehicle. Although Lam testified that the vehicle was "totaled," the officers testified there was only minor damage to Appellant's vehicle.

Furthermore, at no time did Lam identify Appellant as the driver of the white truck that hit him. In fact, there was no testimony from any witness identifying Appellant's vehicle as the one involved in the accident. Butler testified she was unable to tell what kind of "car it was," but testified that to the best of her recollection, it was a "light-colored vehicle ...," yet said, "I couldn't swear to what kind it was, no sir."

Because the record is devoid of sufficient evidence from which a reasonable trier of fact could have found Appellant guilty beyond a reasonable doubt of physically driving or operating a motor vehicle while in an intoxicated condition, the judgment of conviction is reversed. *See Thurston*, 84 S.W.3d at 540–41.

MONTGOMERY, P.J., and GARRISON, J., concur.