

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110894 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Brice R. Sechrest |
| RICKY L. LAUGHLIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 7, 2023 |

## Introduction

Ricky L. Laughlin ("Laughlin") appeals from his convictions following a bench trial on operating a motor vehicle in a careless and imprudent manner involving an accident and driving while his license was revoked after Laughlin was found lying on the ground outside of the driver's side of his crashed truck. Laughlin challenges his convictions by arguing that there was insufficient evidence from which a rational factfinder could determine that he was operating the truck at the time of the crash, which was an essential element for both offenses. Because the State presented evidence from which a rational factfinder reasonably could infer that Laughlin was operating the truck at the time of the crash, we deny Points One and Two. Accordingly, we affirm the trial court's judgment.

## Factual and Procedural History

Laughlin waived his right to a jury trial and proceeded to a bench trial at which he testified in his own defense. Viewed in the light most favorable to the verdict,[1] the following evidence was adduced at trial:

Laughlin and E.L. were both found at the scene of an accident where Laughlin's pickup truck crashed into a tree. A Missouri State Highway Patrol Trooper ("Trooper"), the responding officer, testified as the State's sole witness. The Trooper determined the truck crashed because Laughlin failed to negotiate a curve in the road, overcorrected, crossed back over the road, then crashed into a tree. When the Trooper arrived at the scene, he found Laughlin lying on the ground directly in front of the truck, which had a large hole in the front windshield on the driver's side. Laughlin had cuts on his face and was being treated by EMS when the Trooper arrived. E.L. was lying on the ground outside the truck's open passenger door and was also being treated by EMS. The passenger-side windshield was also damaged but was not broken.

There was no eyewitness testimony indicating who was driving at the time of the crash. Neither Laughlin nor E.L. admitted to driving the truck. The Trooper stated he "couldn't get them to speak enough at the time because they just couldn't talk . . . [t]hey were injured." The Trooper determined Laughlin was driving the truck when it crashed because he was lying directly in front of the truck with cuts on his face consistent with going through the front windshield. Contrastingly, E.L. was lying on the ground outside the open passenger door and there was no hole in the passenger side of the windshield. The Trooper testified that he did not know if EMS had moved Laughlin after they arrived on the scene or if Laughlin or E.L. had moved on their own prior to EMS arriving.

---

[1] See State v. Lehman, 617 S.W.3d 843, 846–47 (Mo. banc 2021).

2

The Trooper checked the status of Laughlin's driver's license and the truck's registration. Records indicated that Laughlin's driver's license was suspended and that the license plates on the truck were registered to another one of Laughlin's vehicles.

Laughlin denied driving the truck. Laughlin testified that E.L. drove off in the truck while he was in the truck bed and that E.L. was unaware he was in the truck bed. Laughlin further testified that he stuck his head in the driver's side window, which frightened E.L. and caused her to drive off the road into the tree. A hearsay statement from an unidentified person on the Trooper's audio recording supported Laughlin's testimony.

The trial court found Laughlin guilty of operating a motor vehicle in a careless and imprudent manner involving an accident; driving while his license was revoked; failing to register a motor vehicle; and failing to wear a properly adjusted or fastened seat belt.[2] The trial court sentenced Laughlin to sixty days in jail for careless and imprudent driving and suspended the execution of the sentence, placing Laughlin on probation for two years. Laughlin also received fines totaling $310 for the remaining offenses. This appeal follows.

### Points on Appeal

In his two points on appeal, Laughlin contends the trial court erred in overruling his motion for a judgment of acquittal and in sentencing Laughlin for careless and imprudent driving and driving while his license was revoked because there was insufficient evidence from which a rational factfinder could determine he was guilty. Specifically, the State failed to prove beyond a reasonable doubt that he was operating the truck at the time of the crash.

### Standard of Review

---

[2] Laughlin does not appeal from his convictions for failure to register a motor vehicle and failure to wear a seat belt.

3

In reviewing whether sufficient evidence supports a conviction "to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidences and inferences." State v. Lehman, 617 S.W.3d 843, 846–47 (Mo. banc 2021) (quoting State v. Gilmore, 537 S.W.3d 342, 344 (Mo. banc 2018)). "When reviewing the sufficiency of the evidence, the standard of review on appeal from a bench-tried case is the same as the standard used on appeal of a case tried to a jury." State v. Summers, 653 S.W.3d 155, 166 (Mo. App. W.D. 2022) (citing State v. Morris, 640 S.W.3d 762, 765 (Mo. App. W.D. 2022)).

"Circumstantial rather than direct evidence of a fact is sufficient to support a verdict." Lehman, 617 S.W.3d at 847 (internal citation omitted). "If that evidence supports equally valid inferences, it is up to the factfinder to determine which inference to believe, as '[t]he [factfinder] is permitted to draw such reasonable inferences from the evidence as the evidence will permit.'" Id. (alterations in original) (internal quotation omitted). Although we may rely on circumstantial evidence, we will not "supply missing evidence or give the state the benefit of unreasonable, speculative or forced inferences." Id. (internal quotation omitted). We ask "only whether there was sufficient evidence from which the trier of fact *reasonably* could have found the defendant guilty." Id. (internal quotation omitted).

## Discussion

For both driving-related offenses challenged on appeal, the State was required to prove beyond a reasonable doubt that Laughlin was operating the truck at the time of the crash. See id. (citing State v. Seeler, 316 S.W.3d 920, 925 (Mo. banc 2010)) ("The State must prove every element of a crime charged beyond a reasonable doubt."). Laughlin alleges that there was insufficient evidence from which a rational factfinder could find that he was the driver.

4

Under Section 304.012,[3] a person "operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner . . . and shall exercise the highest degree of care." If a person operates a motor vehicle in a careless and imprudent manner resulting in an accident, it is a class A misdemeanor. Section 304.012. Relatedly, Section 302.321 prohibits "operat[ing] a motor vehicle on a highway when such person's license or driving privilege has been cancelled, suspended, or revoked . . . and acts with criminal negligence with respect to knowledge of the fact that such person's driving privilege has been cancelled, suspended, or revoked." Section 302.321.1. A person "operates a motor vehicle . . . when . . . in the vehicle and in a position to control its movements, [the person] manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement." State v. Thurston, 84 S.W.3d 536, 540 (Mo. App. S.D. 2002) (alterations in original) (internal quotation omitted); see also Section 577.001(9).

The issue presented on appeal focuses on the lack of evidence that Laughlin was operating the truck when it crashed. The State's case is premised wholly upon circumstantial evidence, as it is not disputed that the record lacks any direct evidence that Laughlin was driving the truck when it crashed. Further, the record lacks any temporal evidence regarding when the crash occurred in relation to when EMS arrived on the scene. Lastly, the record lacks any evidence that the engine of the truck was running when EMS or law enforcement arrived on the scene. Laughlin suggests that these factors are significant because while it is true that circumstantial evidence may be used to prove the elements of the offense of careless and imprudent driving, "[i]n non-engine running cases, significant additional evidence of driving and

---

[3] All Section references are to RSMo (2016), unless otherwise noted.

5

the connection of driving in an intoxicated state is required to sustain a criminal conviction." State v. Anderson, 107 S.W.3d 447, 450 (Mo. App. S.D. 2003) (quoting State v. Eppenauer, 957 S.W.2d 501, 503 (Mo. App. W.D. 1997)); see also State v. Baker, 499 S.W.3d 730, 733 (Mo. App. W.D. 2016) (internal quotation omitted) (noting that a conviction for driving while intoxicated in cases where the motor vehicle's engine was not running requires the State to present "significant additional evidence of driving and the connection of driving in an intoxicated state").[4]

In support of his argument, Laughlin offers Thurston and Anderson as precedent precluding a finding that his lying on the ground outside the driver's side of the broken windshield after the accident, without more, is sufficient to reasonably infer that he was driving at the time of the accident. It is important to note that the facts of Thurston and Anderson are distinguishable from the case before us, as discussed below.

In Thurston, a single person was found in the passenger seat inside the vehicle when first responders arrived at the scene. 84 S.W.3d at 538. In reversing the conviction of driving while intoxicated, the Southern District noted that there was no eyewitness testimony or other evidence indicating that the person in the passenger seat had ever been in the driver's seat, that the engine was warm, or that anything else supported a finding that the person found in the vehicle's passenger seat had been driving the vehicle at the time of the accident. Id. at 540.

In Anderson, a driver was hit by what he thought was a white truck and saw the truck pull into a nearby parking lot. 107 S.W.3d at 448. Shortly thereafter, another witness observed the defendant exit a white truck that was visibly damaged in the same parking lot. Id. at 449. The

---

[4] The issues relating to the sufficiency of evidence to support a finding that a defendant was driving a motor vehicle are the same whether the charge is driving while intoxicated or driving in a careless and imprudent manner. Thurston, 84 S.W.3d at 541. The lack of evidence that a defendant was driving the vehicle at issue is just as fatal a flaw to a conviction for careless and imprudent driving as it is to a conviction for driving while intoxicated. Id.

defendant denied driving the truck. Id. In reversing the conviction, the Southern District emphasized that there was no evidence presented that the truck that struck the driver actually stopped in the parking lot, that defendant's truck was the one that actually struck the driver, that anyone actually witnessed defendant driving or parking the vehicle, or that anyone felt the hood to see if the engine was warm. Id. at 450–51.

Both Thurston and Anderson based their decisions on the lack of evidence supporting a reasonable inference that the defendants had ever operated or driven the vehicles in question. See Thurston, 84 S.W.3d at 540; Anderson, 107 S.W.3d at 450–51. Here, in contrast, the State argues that the record contains sufficient evidence from which a factfinder reasonably could infer that Laughlin was driving at the time of the accident. See Lehman, 617 S.W.3d at 847 (internal quotation omitted). In particular, the State's argument hinges on the Trooper's testimony that Laughlin was found lying on the ground *in front of the driver's side* of the vehicle *with cuts on his face*, which in his experience, was consistent with Laughlin being thrown through the driver's side windshield. The State reasons that the Trooper's testimony supports a reasonable inference that Laughlin was driving when the accident occurred due to Laughlin's position in front of the truck, the hole in the windshield, the cuts on his face, and the fact that the license plates belonged to another one of Laughlin's vehicles. Additionally, E.L. was being tended to by EMS directly outside of the passenger door, which supports an inference that she had not been driving. While acknowledging the logic of State's argument, our analysis does not end there. Laughlin maintains that this case involves a non-engine running vehicle with no temporal evidence as to when the accident occurred or how long Laughlin and E.L. were on the ground before EMS arrived. If indeed this case involves a "non-running engine," the State has a higher burden when pursuing a conviction for a driving related offense based solely on circumstantial

evidence. See Baker, 499 S.W.3d at 733 (internal quotation omitted). "In non-engine running cases, significant additional evidence of driving and the connection of driving in an intoxicated state is required to sustain a criminal conviction." Anderson, 107 S.W.3d at 450 (quoting Eppenauer, 957 S.W.2d at 503). The consequence of adducing additional evidence in a "non-running engine" case is to provide a temporal connection between the discovery of the suspected driver and the occurrence of the criminal violation. Examples of this type of "significant additional evidence" as it relates to the "driving" element of the offense include but are not limited to the following: lights inside or outside the vehicle being illuminated; the key being in the ignition; the accused being found behind the steering wheel; the accused being the sole occupant of the vehicle; the vehicle being found in a lane of traffic; and the vehicle being registered to the accused. Baker, 499 S.W.3d at 734 (internal citations omitted). Such additional evidence can be relevant in proving that a defendant was driving the vehicle at the time the criminal violation was committed. See id.

The question before us is whether the State's burden when presenting only circumstantial evidence is subject to the heightened requirement for "non-running engine" cases. We note that evidence was adduced at trial that Laughlin was found lying just outside of the broken driver-side windshield with facial cuts. Laughlin argues that such evidence, standing alone, does not constitute "significant additional evidence" as it relates to the "driving" element of the offense of careless and imprudent driving. We recognize that circumstantial evidence can support a conviction and that the factfinder may choose to believe any reasonable inferences the evidence will permit. See Lehman, 617 S.W.3d at 847. We further acknowledge that if this case were a "non-engine running case," our duty would be to decide whether evidence of Laughlin's position and facial cuts meets the criteria of "significant additional evidence." Anderson, 107 S.W.3d at

8

450 (quoting Eppenauer, 957 S.W.2d at 503). The record contains no evidence of a temporal link between the Trooper's discovery of the crashed truck and when the crash occurred. Similar to the facts in Thurston, there is no direct evidence that Laughlin was ever behind the wheel of the truck, that the engine or lights were on, that the key was in the ignition, that anyone felt the hood to see if it was warm, that Laughlin admitted to driving the truck, or that Laughlin was seen attempting to drive the truck. Were the aforementioned evidence the only evidence presented at trial, we agree that the heightened burden of a "non-running engine" case would apply. However, unlike the facts in Thurston, the record before us contains evidence that both Laughlin and E.L. were in the truck *with the motor running at the time the truck crashed*. See Thurston, 84 S.W.3d at 54. Laughlin testified that he was in the bed of the truck and E.L. was driving when the crash occurred. Given this testimony, there is no question that the engine of the truck was running at the time the criminal activity occurred—that fact is clear. The evidence provides a clear connection between the driving and the criminal violation of careless and imprudent driving. The only issue is *who* was driving the truck at the time of the accident. Therefore, because the matter before us does not involve a "non-running engine," the State is not subject to the increased burden of adducing "significant additional evidence" to prove Laughlin was driving the truck when it crashed, but instead is subject to the normal burden that accompanies the use of circumstantial evidence. See id.

Viewing the circumstantial evidence accordingly, Laughlin's facial cuts and his position on the ground outside the driver's side of the truck are consistent with Laughlin being thrown through the driver's side windshield. While the inference drawn from this evidence does not exclude other possible causes of the facial cuts, a jury could reasonably infer that Laughlin suffered cuts on his face when he was thrown from the driver's seat through the windshield. The

State presented a common-sense connection between the facial cuts and Laughlin allegedly being flung through the driver's side windshield. The fact that other inferences could be drawn from Laughlin's cuts does not diminish the reasonableness of the State's argument, as we do not weigh the evidence but rather accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, while ignoring all contrary evidences and inferences. Lehman, 617 S.W.3d at 846–47 (internal quotation omitted). While we may not be persuaded that the testimony regarding the facial cuts meets the standard of "significant additional evidence" set forth in Missouri precedent for "non-running engine" cases, this heightened standard for circumstantial evidence is not at play as the evidence is undisputed that the engine of the truck was running at the time the charged offense occurred.

Therefore, we hold that the record contains sufficient evidence from which a factfinder could have reasonably inferred that Laughlin was operating the truck at the time of the accident. See id. Points One and Two are denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

10